ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Taj Al Rajaa Company | )   ASBCA No. 58801 |
| | ) |
| Under Contract No. W91GFC-06-M-0169 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Baha'a Lafta Hassan
    Owner

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    CPT Tyler L. Davidson, JA
    Trial Attorney

<u>OPINION BY ADMINISTRATIVE JUDGE JAMES
ON APPELLANT'S MOTION FOR RECONSIDERATION</u>

The Board's 5 February 2014 decision granted the government's motion to dismiss the captioned appeal for lack of subject matter jurisdiction, holding the appellant's 1 June 2013 claim was barred by the Contract Disputes Act of 1978 (CDA) six-year statute of limitations, and dismissed the appeal. A copy of that decision was sent by email to appellant on 6 February 2014[1] (Bd. corr. ltr. dtd. 6 February 2014).

Appellant's 5 March 2014 email to the ASBCA regarding ASBCA No. 58801 stated: "I would like to do motion for reconsideration for this decision of Board. [P]lease accept this motion for reconsideration and please tell me what is required me to do and what the required procedures."

The ASBCA's 6 March 2014 email reply to appellant stated:

> Board Rule 29 states that a motion for reconsideration "shall set forth specifically the grounds relied upon to sustain the motion." Your email, below, does not appear to comply with Rule 29. To comply with Rule 29 and file a motion for reconsideration you must advise the Board of what portions of the Board's decision you disagree with and explain why you disagree. This must be done within 30 days of receipt of

---

[1] The Board routinely corresponds with party representatives located in Iraq and Afghanistan by email due to the difficulties of communicating by mail in those countries.

the decision. Since the email traffic, below, indicates you received our decision on 7 February 2014, the motion due date appears to be 9 March 2014, which is a Sunday. Therefore, in accordance with Board Rule 33(b), the due date for a motion for reconsideration appears to be Monday, 10 March 2014. Once you have submitted a compliant motion for reconsideration, you may request that the Board give you more time to file a memorandum giving a more detailed explanation of your position, if you so choose.

Appellant's Saturday, 8 March 2014 email to the Board stated: "in concern this appeal [ASBCA No. 58801] and in order I submit motion for reconsideration to the Board and to show my opinion on Bond's [sic] Decision. I asked the [B]oard to give me more time for this because the [B]oard's letter did not reach me at time."

The Board's 13 March 2014 letter (sent via email) to the parties forwarded copies of appellant's 5 and 8 March 2014 emails to the government and stated: "The government shall have 30 days from the date of this Order within which to respond to appellant's submittals. Upon receipt of the government's response, appellant shall have 30 days within which to reply, if it so chooses."

The government's 13 March 2014 letter to the Board (sent via email), copied appellant and stated: "Appellant's correspondence merely requests reconsideration. It does not set forth any grounds under which the motion should be granted, let alone a 'compelling reason' for modifying the Board's original decision. Therefore, the motion must be denied."

Appellant's 16 and 20 March 2014 emails to the Board regarding ASBCA No. 58801 stated: "in concern this appeal, please let me know? [M]ust I submit a certified claim to the contracting officer Ms Juan [sic] Wysoske? I am waiting your reply."

The Board's 20 March 2014 letter to the parties (sent via email) forwarded to the government appellant's 16 and 20 March 2014 emails and stated: "In response to the questions in your [appellant's] emails, the Board does not provide legal advice to parties and so may not advise you on your next steps."

Board Rule 29 provides:

> A motion for reconsideration may be filed by either party. It shall set forth specifically the grounds relied upon to sustain the motion. The motion shall be filed within 30 days

from the date of the receipt of a copy of the decision of the Board by the party filing the motion.

In *Environmental Safety Consultants, Inc.*, ASBCA No. 54615, 07-2 BCA ¶ 33,613 at 166,457, we stated:

> We have long held that absent specificity in the alleged grounds upon which the motion is based, a purported motion for reconsideration does not satisfy the requirements of Rule 29.
>
> ....
>
> ...Moreover, the mere expression of the process which appellant was following to seek reconsideration of the Board's decision, barren of any statement of specific disagreement with the Board's decision, and barren of any support for such disagreement, does not comply with the requirements of Rule 29.

Without specific grounds, a purported motion for reconsideration is an expression of intent to seek reconsideration. *See Ralph M. Parsons Co.*, ASBCA No. 37931 *et al.*, 91-2 BCA ¶ 23,751 at 118,934 (a letter of intent to move for reconsideration does not constitute a motion for reconsideration).

Accordingly, since appellant did not file a proper motion for reconsideration by 10 March 2014, within the 30-day period required by Board Rule 29, appellant's motion is dismissed as untimely.

Dated: 26 March 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MARK A. MELNICK
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58801, Appeal of Taj Al Rajaa Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4